UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
DAVE MENDELSOHN,                       )   No. C06-0190RSL
                                       )
                   Plaintiffs,         )
       v.                              )
                                       )   ORDER DENYING DEFENDANT'S
INTALCO ALUMINUM CORPORATION,          )   MOTION TO DISMISS
                                       )
                   Defendant.          )
_____)

This matter comes before the Court on "Defendant Intalco's Motion to Dismiss and Brief." Dkt. # 3. Defendant seeks a determination that plaintiff's claims are barred by the applicable statute of limitations and because he failed to exhaust his administrative remedies as required by the Employee Retirement Income Security Act ("ERISA").

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, the Court may consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). The January 25, 1996, letter submitted by defendant does not fall into any of these categories.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

Having provided matters outside the pleadings for the Court's consideration, defendant's motion shall be treated as one for summary judgment pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 56.  Defendant can therefore prevail only if plaintiff "fails to offer evidence from which a reasonable jury could return a verdict in its favor."  Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Taking the evidence presented in the light most favorable to plaintiff, the Court finds as follows:

(1) Plaintiff asserts that he did not realize that defendant had misrepresented his future retirement benefits until September 2003, less than three years before he filed this complaint. Whether plaintiff should have understood the January 25, 1996, letter as a repudiation of defendant's prior representations or merely as additional information regarding later payoff options is an issue of fact for the jury.  Regardless of which statute of limitation applies, plaintiff has raised a genuine issue of fact regarding when he discovered the basis for his claims.

(2) Defendant argues that plaintiff's misrepresentation and negligence claims must be dismissed because he failed to allege that he exhausted the administrative remedies provided by the Salaried Employees Retirement Plan.  This argument presumes that the plan at issue is an "employee welfare benefits plan" under ERISA.  The burden of establishing the existence of an ERISA plan is on defendant.  Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 492 n.4 (9th Cir. 1988).   Defendant has provided no information or evidence regarding the employer's role in establishing or maintaining the retirement plan (Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1120 (9th Cir. 1998)), or "the surrounding circumstances from the point of view of a reasonable person" (Credit Managers Ass'n v. Kennesaw Life & Acc. Ins. Co., 809 F.2d 617, 625 (9th Cir. 1987)).  The Court is unable to determine whether ERISA applies or whether the administrative exhaustion requirement governs plaintiff's state law claims of misrepresentation

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS               -2-

1 | and negligence.

3 | For all of the foregoing reasons, defendant's motion for dismissal or, in the
4 | alternative, summary judgment, is DENIED.

6 | DATED this 21st day of April, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS            -3-