UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
DAVE MENDELSOHN,                )        No. C06-0190RSL
                                )
          Plaintiff,            )
     v.                         )
                                )        ORDER GRANTING PLAINTIFF'S
INTALCO ALUMINUM CORPORATION,   )        MOTION TO REMAND
                                )
          Defendant.            )
_____)

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Amended Motion to Remand to Whatcom County Superior Court." Dkt. #19. Plaintiff, a former employee of defendant, alleges that defendant is liable for common law tort claims because of misrepresentations concerning the amount of plaintiff's pension benefits. See Dkt. #1. Defendant removed this action as preempted by 29 U.S.C. § 1144(a) of the Employment Retirement Security Act of 1974 ("ERISA"). Id. at 2. Plaintiff now moves to remand the case to Whatcom County Superior Court because he is only seeking damages for lost compensation caused by the alleged misrepresentations and not lost pension benefits. See Motion at 11. For the reasons set forth below, the Court remands this action to state court.

//
//

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

## II. DISCUSSION

**A. Background**

Plaintiff filed his complaint in Whatcom County Superior Court asserting two Washington state common law causes of action: (1) negligent misrepresentation, and (2) negligence. See Dkt. #1 (Complaint). Plaintiff alleges that he agreed to participate in defendant's "voluntary force reduction program" based on representations about the amount of pension benefits he would receive under defendant's Salaried Employee's Retirement Plan ("SAP"). Id. at 2-3. In his complaint, plaintiff did not specify the type of damages he was seeking from defendant. Id. at 3-4 ("[Plaintiff] is entitled to damages in an amount to be proven at trial.").

On February 7, 2006, defendant removed this action under 28 U.S.C. § 1331 alleging that the Court had jurisdiction based on the complete preemption provisions of ERISA. See Dkt. #1 (Notice of Removal) at 1-2. Shortly thereafter, on February 13, 2006, defendant filed a motion to dismiss asserting that plaintiff's claim was time barred and he failed to exhaust his administrative remedies under ERISA. See Dkt. #3. The Court treated this motion as one for summary judgment and denied the motion (Dkt. #3) because defendant had not presented sufficient evidence to show that defendant's SAP was an "employee welfare benefits plan" under ERISA and the statute of limitations defense presented a disputed issue of fact. See Dkt. #13.

On August 30, 2006, defendant filed a motion to extend the date by which summary judgment motions were due, in part because plaintiff intended to file a motion to remand and defendant "recognize[d] that the Court [would] need to rule on a Motion to Remand before it [could] decide a summary judgment motion." See Dkt. #15. The Court granted the extension and plaintiff filed its motion to remand, which is now before the Court for consideration. See Dkt. #20 (Order granting extension); Dkt. #19 (Motion to Remand).

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                    -2-

**B. Analysis**

In its notice of removal, defendant alleged that this Court has jurisdiction under ERISA's "complete preemption" provisions. See Dkt. #1 at 2. Defendant asserted that plaintiff's claim was preempted under 29 U.S.C. § 1144(a) because the claim related to Intalco's ERISA plan.[1] Id. Simply establishing that a complaint "relates to" an ERISA plan, however, is insufficient to support removal of an action to federal court. To support complete preemption in the Ninth Circuit, a defendant must also show that the claim is encompassed by ERISA's civil enforcement scheme under 29 U.S.C. § 1132. See Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998) (stating "even if the district court found that the Complaint contained a state law claim that 'relates to' an ERISA plan, and is thus preempted by § 1144(a), the complaint is not removable to the federal court unless it is also encompassed within ERISA's civil enforcement scheme [§ 1132]"). Therefore, plaintiff's complaint was properly removed only if two conditions are met: (1) "the state law claim 'relates to' an ERISA plan within the meaning of § 1144(a)"; and (2) the claim "falls within the scope of ERISA's civil enforcement found in § 1132(a)." See id. at 654 (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987).[2]

As discussed below, because the Court concludes that it lacks subject matter jurisdiction under § 1132(a), the Court does not need to reach the question of whether plaintiff's claim

---

[1] Application of 29 U.S.C. § 1144(a) by itself is often referred to as "conflict preemption." See Toumajian, 135 F.3d at 654 ("[E]ven if the defendant has a substantial and persuasive argument that the state law claim asserted in the complaint is preempted by § 1144(a) of ERISA, a defense sometimes called 'conflict preemption,' as long as the claim is not capable of characterization as an ERISA claim, removal is improper."). In contrast, the "complete preemption doctrine" requires that the claim fits within § 1132(a). See id. at 655 ("The complete preemption doctrine is concerned with a more limited set of state laws, those which fall within the scope of ERISA's civil enforcement scheme.").

[2] In its notice of removal, defendant did not allege that plaintiff's claim was completely preempted under both 29 U.S.C. § 1144(a) and § 1132(a). Defendant now recognizes the Ninth Circuit's two-part test for complete preemption. See Response at 4 (citing Toumajian, 135 F.3d at 654).

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                -3-

"relates to" defendant's ERISA plan under § 1144(a).  See id. at 655 ("[I]f the doctrine of complete preemption does not apply, even if the defendant has a defense of 'conflict preemption' within the meaning of § 1144(a) because the plaintiff's claims 'relate to' an ERISA plan, the district court, being without subject matter jurisdiction, cannot rule on the preemption issue.").

### 1. Plaintiff's claim is not completely preempted under 29 U.S.C. § 1132(a)

In opposition to the motion to remand, defendant alleges that plaintiff's claim is within ERISA's civil enforcement provisions.  See Response at 9 (citing 29 U.S.C. §§ 1132(a)(1)(A), 1132(a)(1)(B), 1132(a)(2), 1132(a)(3) and 1132(a)(4)).  The Court concludes, however, that plaintiff's claim is not covered by ERISA's § 1132(a) civil enforcement scheme.

First, 29 U.S.C. § 1132(a)(1)(B) does not support federal jurisdiction because plaintiff is not attempting recover lost or future pension benefits or to enforce his rights under the SAP. Section 1132(a)(1)(B) states: "A civil action may be brought . . . (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Plaintiff is seeking the wages, bonuses, medical benefits, vacation and sick time ("lost compensation") that he lost by terminating his employment early based on defendant's representations about his pension benefits.[3]  See Motion

---

[3] In his motion for remand, plaintiff expressly states that he is only seeking lost compensation as a result of defendant's alleged misrepresentations, and not lost pension benefits.  See Reply at 4 ("Again, Mendelsohn's claim is for Lost Compensation, i.e., wages, bonuses and medical benefits that he would have received but for Intalco's false representations.").  However, plaintiff represented in a prior filing with this Court that he was also seeking to recover the pension benefits he was allegedly promised.  See Dkt. #8 (Declaration of Dave Mendelsohn in Opposition to Motion to Dismiss, dated March 3, 2006) at ¶4 ("I therefore filed my lawsuit requesting that Intalco honor its explicit promises to provide the benefits as represented, or compensate me for the damages I suffered as a result of my reliance on their promises.") (emphasis added); Dkt. #17 (same).

The Court accepts plaintiff's representation that he is not seeking lost pension benefits.  The Court's ruling here is based on this representation, therefore any future attempt to recover lost pension benefits in this case will raise issues of judicial estoppel.  See, e.g., New Hampshire v. Maine, 532 U.S.

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                    -4-

at 3 ("Mendelsohn suffered damages as a result of his premature departure in an amount representing the difference between (i) the amount he would have earned at Intalco **less** (ii) the amount he actually earned elsewhere."); Motion at 11 ("Mendelsohn's claim is based solely on Intalco's misrepresentation of facts regarding his retirement and the wages Mendelsohn has lost in relying on Intalco's statements.") (emphasis added); Reply at 1 ("Mendelsohn suffered damages as a result including lost wages, bonuses, medical benefits, vacation and sick time (collectively, 'Lost Compensation') that he would have received had Intalco not deceived him.").

Second, 29 U.S.C. § 1132(a)(2) does not support federal jurisdiction. Section 1132(a)(2) states: "A civil action may be brought . . . (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 U.S.C. § 1109]." Section 1109(a) permits a civil action against:

> any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate[.]

Plaintiff, however, is not bringing an action "on behalf of the plan" as required by § 1109 and the Ninth Circuit. See Buster v. Greisen, 104 F.3d 1186, 1189 (9th Cir. 1997) (citing Kim v. Fujikawa, 871 F.2d 1427, 1432 (9th Cir. 1989)).

Third, 29 U.S.C. § 1132(a)(3) does support federal jurisdiction in this case. Section 1132(a)(3) allows a civil action "by a participant, beneficiary, or fiduciary (A) to enjoin any act

---

742, 749 (2001) (applying the doctrine of judicial estoppel and stating "'Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'") (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)).

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                    -5-

or practice which violates any provision of this title or terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." Here, plaintiff seeks monetary damages in the form of "lost compensation," and money damages are not "equitable relief" for purposes of § 1132(a)(3). See Reply at 1; McLeod v. Oregon Lithoprint Inc., 102 F.3d 376, 378 (9th Cir. 1996) (holding that monetary damages do not qualify as "equitable relief" under § 1132(a)(3)).

Finally, sections 1132(a)(1)(A) and 1132(a)(4) do not support federal jurisdiction because plaintiff has not alleged that defendant's plan administrator failed to provide plaintiff with benefits information. See Toumajian, 135 F.3d at 656 (holding that §§ 1132(a)(1)(A) and (a)(4) were inapplicable because there was no allegation that the plan administrator failed to provide plaintiff with benefits information).

Additionally, defendant does not cite any case law in its response to support federal jurisdiction under § 1132(a). See Response at 8-9. While defendant attempts to harmonize Olson v. General Dynamics Corp., 960 F.2d 1418 (9th Cir. 1991) as "incredibly similar to the instant lawsuit," there is a crucial difference between the two cases. See Response at 6. In Olson, the court ruled "that this is a claim 'that he should be receiving a level of benefits which he is not.'" Olson, 960 F.2d at 1421. In contrast here, plaintiff is not seeking pension benefits under the SAP.

This case is better analyzed under Toumajian, where the Ninth Circuit held that because plaintiff's state law claims did not fall within ERISA's civil enforcement provisions under § 1132(a), the district court lacked federal jurisdiction. See Toumajian, 135 F.3d at 657; see also Providence Health Plan v. McDowell, 385 F.3d 1168, 1174 (9th Cir. 2004) (holding that "[b]ecause Providence's breach of contract claim is not preempted under § 1144 and does not fall within the scope of § 1132(a), the district court lacked removal jurisdiction, and the case must be remanded to state court.").

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                    -6-

1   As the removing party, defendant has the burden of establishing the Court's jurisdiction.
2   See Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984) ("[T]he burden of
3   establishing federal jurisdiction falls on the party who invokes the removal statute."). Defendant
4   has failed to show that federal jurisdiction is proper under ERISA's complete preemption
5   doctrine. Accordingly, this case must be remanded to state court.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's "Amended Motion to Remand to Whatcom County Superior Court" (Dkt. #19) is GRANTED. The Clerk of Court is directed to transmit the file regarding C06-190RSL to Whatcom County Superior Court.

DATED this 2nd day of November, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge